STATE OF NORTH CAROLINA v. JOHN BERNARD HOWREN, JR.

No. 484PA84

(Filed 4 December 1984)

1. **Automobiles and Other Vehicles § 126.3; Constitutional Law § 43 — breathalyzer test — statute allowing 30 minutes to obtain counsel — constitutionality**

   The administration of a chemical analysis to determine if a driver is acting under the influence of an impairing substance is not a critical stage of the prosecution entitling defendant to the presence of counsel; therefore, the statute allowing a defendant only 30 minutes to obtain counsel before undergoing a chemical analysis, G.S. 20-16.2(a), does not violate defendant's right to counsel guaranteed by the Sixth and Fourteenth Amendments to the U. S. Constitution and Art. I, § 23 of the N. C. Constitution.

2. **Automobiles and Other Vehicles § 126.4 — breathalyzer test — no right to constitutional warnings**

   Defendant was not entitled to be informed of his constitutional rights before undergoing a breathalyzer test since the results of the test are not evidence of a testimonial or communicative nature.

3. **Automobiles and Other Vehicles § 126.2 — driving while impaired — requirement of two breathalyzer tests after 1 January 1985 — equal protection**

   A defendant charged with driving while impaired prior to 1 January 1985 was not denied equal protection of the laws because only one chemical breath analysis was required whereas a person charged with driving while impaired after 1 January 1985 must be given two chemical breath tests, since G.S. 20-139.1(b3) merely treats the same group of people in different ways at different times. Fourteenth Amendment to the U. S. Constitution; Art. I, § 19 of the N. C. Constitution.

4. **Automobiles and Other Vehicles § 120 — driving while impaired — alcohol concentration of 0.10 or more — validity of statute**

   The statute making it a crime for persons to have an alcohol concentration of 0.10 or more at any relevant time after driving on the highways or public vehicular areas of this State, G.S. 20-138.1(a)(2), merely sets forth the elements of the offense and does not impermissibly declare individuals with an alcohol concentration of 0.10 or more to be presumptively guilty of a crime.

5. **Automobiles and Other Vehicles § 120 — driving while impaired — statute not void for vagueness**

   G.S. 20-138.1(a)(2) is not void for vagueness because a potential violator has no means of measuring the level of alcohol in his system and does not have a fair warning of when he has crossed the 0.10 level of alcohol concentration.

6. **Automobiles and Other Vehicles § 126.3 — breathalyzer test — improper maintenance of machine — burden of proof on defendant — constitutionality**

   The statute putting the burden on defendant to object and show that a breathalyzer machine had not been maintained in accordance with regulations

of the Commission for Health Services, G.S. 20-139.1(b2), does not violate the rule of *Mullaney v. Wilbur*, 421 U.S. 684, since the absence of proper maintenance is not an essential element of the offense of driving while impaired but is an affirmative defense, and the State may permissibly put the burden of establishing affirmative defenses on defendant.

ON discretionary review by the Court's own motion, pursuant to N.C.G.S. § 7A-31(a), of an order entered by *Friday, J.,* at the 21 November 1983 Criminal Session of GASTON County Superior Court. Heard in the Supreme Court 9 November 1984.

Defendant was arrested on 21 October 1983 and charged with driving while impaired after being stopped by a Gastonia City Patrolman. He was taken to the Gaston County Jail and given a breathalyzer test which indicated that he had an alcohol concentration of 0.11. Defendant's license was then revoked for ten days pursuant to N.C.G.S. § 20-16.5(b)(4). At trial in the District Court the charges against defendant were dismissed on the grounds that various sections of the Safe Roads Act were unconstitutional. The Superior Court, upon appeal by the State pursuant to N.C. G.S. § 15A-1432, ruled that the challenged sections of the Safe Roads Act were constitutional and reinstated the charges. Defendant appealed.

*Rufus L. Edmisten, Attorney General, by W. Dale Talbert, Assistant Attorney General, for the State.*

*Harris, Bumgardner and Carpenter by James R. Carpenter and R. Dennis Lorance, for the defendant.*

COPELAND, Justice.

I.

[1] By driving a vehicle on a highway or public vehicular area a person consents to administration of a chemical analysis if he is charged with driving while impaired. N.C.G.S. § 20-16.2(a). A person required to submit to chemical analysis has the right to contact an attorney and select a witness to view the procedures, but the testing may not be delayed for these purposes more than thirty minutes. *Id.* A chemical analysis that reveals a blood alcohol level of 0.10 or more is sufficient under N.C.G.S. § 20-138.1(a)(2) to support a conviction of the criminal offense of driving while impaired. Because a person required to undergo chemical analysis

must decide whether to take the test and risk conviction on the basis of the result or refuse and have his license revoked for twelve months pursuant to N.C.G.S. § 20-16.2(a)(2), defendant argues that the chemical analysis is a critical stage of the prosecution requiring the police to advise him of his constitutional rights and entitling him to counsel. Based on his argument that a critical stage is involved, defendant contends that allowing him only thirty minutes to obtain counsel is unreasonable and violates his right to counsel guaranteed by the sixth and fourteenth amendments to the United States Constitution and article I § 23 of the North Carolina Constitution. We disagree.

The administration of a chemical analysis to determine if a driver is acting under the influence of an impairing substance is not a critical stage of the prosecution. The cases of *State v. Hill*, 277 N.C. 547, 178 S.E. 2d 462 (1971) and *City of Tacoma v. Heater*, 67 Wash. 2d 733, 409 P. 2d 867 (1966) cited by defendant stand only for the proposition that a critical stage of the prosecution has been reached only after a test for sobriety has been administered and the defendant has been charged with an offense. In *Sedars v. Powell*, 298 N.C. 453, 461-63, 259 S.E. 2d 544, 550-51 (1979) this Court reviewed N.C.G.S. § 20-16.2(a) and concluded that there is no constitutional right to have counsel present prior to deciding whether or not to take a breathalyzer test. While the *Sedars* decision concerned a civil proceeding for the revocation of a driver's license for willful failure to submit to a breathalyzer test, the basic rationale of *Sedars* is applicable to a criminal charge of driving while impaired. *See State v. Martin*, 46 N.C. App. 514, 519, 265 S.E. 2d 456, 459, *cert. den.*, 301 N.C. 102 (1980), and *State v. Sanchez*, 110 Ariz. 214, 216-17, 516 P. 2d 1226, 1228-29 (1973). Defendant has no constitutional right to refuse to submit to chemical analysis, *Schmerber v. California*, 384 U.S. 757, 761 (1966) (driver arrested for drunk driving has no constitutional right to refuse a compulsory blood test on advice of counsel), and anyone who accepts the privileges of driving on the highways of this State has consented to the use of chemical analysis. *Sedars*, 298 N.C. at 462, 259 S.E. 2d at 550. The fact that as a matter of grace the legislature has given defendant the right to refuse to submit to chemical analysis, and suffer the consequences for refusing, does not convert this step in the investigation into a critical stage in the prosecution entitling defendant to

more than the 30 minutes provided in the statute to secure a lawyer. Otherwise, defendant would be able to delay the analysis until its results would be of doubtful value. For these reasons we reaffirm the holding of *Sedars* that there is no constitutional right to have an attorney present prior to submitting to chemical analysis.

[2]   We note that defendant has suggested that he was entitled under the rule of *Miranda* to be informed of his constitutional rights before undergoing a breathalyzer test. Based on the rule of *Schmerber* we have already held that admission of a breathalyzer test is not dependent on whether *Miranda* warnings have been given because the results of the test are not evidence of a testimonial or communicative nature. *Sedars*, 298 N.C. at 463, 259 S.E. 2d at 551. *State v. Sykes*, 285 N.C. 202, 207, 203 S.E. 2d 849, 852 (1974). Defendant had no constitutional right to counsel at this stage, and his assignment of error on this point is without merit.

II.

[3]   We next consider defendant's claim that he was denied the equal protection of the laws in violation of the fourteenth amendment to the United States Constitution and article I § 19 of the North Carolina Constitution. Defendant bases his argument on the fact that after 1 January 1985 an individual charged with driving while impaired must be given two chemical breath analyses. N.C.G.S. § 20-139.1(b3). At present only one analysis is required, and defendant was only given one breathalyzer test. Defendant contends that this results in an arbitrary and capricious classification between similarly situated individuals because the classification between persons charged prior to 1 January 1985 and those charged afterward has no basis in fact. We do not believe that N.C.G.S. § 20-139.1(b3) creates an impermissible classification and hold that the Safe Roads Act does not deny defendant the equal protection of the laws.

A statute is not subject to the equal protection clause of the fourteenth amendment of the United States Constitution or article I § 19 of the North Carolina Constitution unless it creates a classification between different groups of people. In this case no classification between different groups has been created. All individuals charged with driving while impaired before 1 January 1985 will be treated in exactly the same way as will all in-

dividuals charged after 1 January 1985. The statute merely treats the same group of people in different ways at different times. It is applied uniformly to all members of the public and does not discriminate against any group. If defendant's argument were accepted the State would never be able to create new safeguards against error in criminal prosecutions without invalidating prosecutions conducted under prior less protective laws. Article I § 19 and the equal protection clause do not require such an absurd result. This assignment of error is overruled.

## III.

[4] Defendant contends that N.C.G.S. § 20-138.1(a)(2) offends due process by creating a conclusive presumption that a person found to have an alcohol concentration of 0.10 or more at any relevant time after driving has committed the offense of impaired driving. More specifically, defendant argues that the legislature has impermissibly declared individuals with an alcohol concentration of 0.10 or more to be presumptively guilty of crime and that N.C.G.S. § 20-138.1(a)(2) is unconstitutionally vague.

It is well established law that a legislature may not declare an individual guilty or presumptively guilty of crime. *McFarland v. American Sugar Refining Company*, 241 U.S. 79, 86 (1916). Contrary to defendant's belief N.C.G.S. § 20-138.1(a)(2) does not run afoul of that prohibition. By stating that anyone who drives a vehicle upon a highway, street, or public vehicular area after having consumed such an amount of alcohol that he has a blood-alcohol concentration of 0.10 or more at any relevant time after the driving has committed the offense of driving while impaired, the legislature has merely stated the elements of the offense, proof of which constitutes guilt. Defendant's complaint amounts to nothing more than that the statute requires him to be adjudged guilty if it is found that he has committed the act that the statute forbids. The legislature may constitutionally make it a crime for persons to have an alcohol concentration of 0.10 or more at any relevant time after driving on the highways and public vehicular areas of this State and that is all N.C.G.S. § 20-138.1(a)(2) does. *See State v. Rose*, 312 N.C. 441, 323 S.E. 2d 339 (12/4/84). Defendant's reliance on *McFarland* is misplaced. In that case the Supreme Court overturned a Louisiana statute that created a presumption that a company was a party to a monopoly or a con-

spiracy in restraint of trade on proof of facts that bore no rational relation to those offenses. 241 U.S. at 86. This is clearly a different situation from the case at bar. N.C.G.S. § 20-138.1(a)(2) does not create a presumption but defines an offense. If this statute is unconstitutional then so is any statute that makes the doing of a particular act illegal. Defendant's characterization of N.C.G.S. § 20-138.1(a)(2) is unfounded, and we hold that it does not deprive him of due process of law.

[5]   Defendant also argues that N.C.G.S. § 20-138.1(a)(2) is void for vagueness and thus deprives him of due process of law because a potential violator has no means of measuring the level of alcohol in his system and therefore, does not have fair warning when he has crossed the threshold of 0.10 alcohol concentration. This issue has already been decided against defendant, and we need not consider it further. *State v. Rose*, 312 N.C. 441, 323 S.E. 2d 339 (12/4/84).

IV.

[6]   N.C.G.S. § 20-139.1(b2) provides that the results of a breath analysis are inadmissible if the defendant objects to their introduction into evidence and demonstrates that the instrument used to conduct the analysis had not been maintained according to the regulations of the Commission for Health Services. The analysis will also be excluded if the defendant shows that it was not performed within the time limits prescribed by those regulations. *Id.* Because driving with a blood alcohol concentration of 0.10 constitutes the offense defendant argues that requiring him to demonstrate that the breathalyzer was not properly maintained places on him the burden of proof as to an essential element of the offense. *Mullaney v. Wilbur*, 421 U.S. 684 (1975). After a careful review of the law we find defendant's argument to be without merit.

The State may permissibly put the burden of establishing affirmative defenses on the defendant. *Patterson v. New York*, 432 U.S. 197, 209-10 (1977). The possibility that the breathalyzer may not have been properly maintained is an affirmative defense to be established by defendant. The maintenance record of the breathalyzer goes only to the weight to be given an essential element of the offense, the blood alcohol concentration as shown by chemical analysis, and is not itself an element of the offense. The State is

not required by the statute to prove that preventive maintenance was performed on the breathalyzer, and it is under no duty to do so. *Martin,* 46 N.C. App. at 520, 265 S.E. 2d at 459-60. Putting the burden on defendant to object and show that preventive maintenance was not performed on the breathalyzer does not violate the rule of *Mullaney v. Wilbur.* Defendant's assignment of error on this point is overruled.

After a careful consideration of the law we find the challenged portions of the Safe Roads Act to be constitutional and affirm the order of the Superior Court reinstating the charges against defendant.

Affirmed.