STATE OF NORTH CAROLINA v. ANTHONY WAYNE ROSE

No. 485PA84

(Filed 4 December 1984)

**Automobiles and Other Vehicles § 120— driving while impaired—alcohol level of 0.10 or more—constitutionality of statute**

    The statute providing that a person commits the offense of driving while impaired if he drives upon a highway, street or public vehicular area after having consumed sufficient alcohol that he has an alcohol concentration of 0.10 or more "at any relevant time after the driving," G.S. 20-138.1(a)(2), is not unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and Art. I, § 19 of the N.C. Constitution because a drinking driver does not know precisely when his body alcohol level has risen above the 0.10 statutory maximum. Nor is the statute so arbitrary, capricious or unrelated to a valid legislative purpose as to violate due process.

ON this Court's *sua sponte* order to review prior to determination by the Court of Appeals defendant's appeal from a judg-

ment of *Judge Coy E. Brewer, Jr.*, entered at the 6 April 1984 Session of WAKE County Superior Court, reversing an order of *Judge Narley L. Cashwell*, entered on 2 March 1984 in WAKE County District Court.[1] *Judge Cashwell* declared N.C.G.S. § 20-138.1(a)(2) to be unconstitutional.

*Rufus L. Edmisten, Attorney General, by Isaac T. Avery, III, Special Deputy Attorney General; David Roy Blackwell and W. Dale Talbert, Assistant Attorneys General, for the state.*

*Lucas, Brown and Lock, P.A., by Thomas H. Lock for defendant appellant.*

EXUM, Justice.

The sole issue in this case is whether N.C.G.S. § 20-138.1(a)(2), a section of the Safe Roads Act of 1983, contravenes constitutional due process because it is too vague and because it bears no reasonable relationship to any legitimate legislative purpose. We conclude it does not and affirm.

I.

N.C.G.S. § 20-138.1 provides:

(a) Offense.—A person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State:

(1) While under the influence of an impairing substance; or

(2) After having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.10 or more.

On 9 October 1983 defendant was issued a traffic citation for operating a motor vehicle on U.S. 70 East near Garner "while subject to an impairing substance [in violation of] G.S. 20-138.1." Before trial in district court, defendant' moved to dismiss the charge on the ground that subsection (a)(2) of the statute is· unconstitutional. The district court, after considering the parties'

---

1. This Court's order was entered pursuant to N.C.G.S. § 7A-31(a), App. R. 15(e)(2).

briefs on the motion, declared subsection (a)(2) to be unconstitutional and ordered the case to proceed to trial under subsection (a)(1). Pursuant to N.C.G.S. § 15A-1432 the state appealed to the superior court, which, after a hearing, reversed the district court, declared subsection (a)(2) constitutional and remanded the case to district court for trial. Defendant appealed to the Court of Appeals. This Court brought the case here for review prior to determination by the Court of Appeals.

II.

The state may convict a defendant of driving while impaired by proving a violation of either subsection (a)(1) or (a)(2) of section 20-138.1. Defendant concedes the constitutionality of subsection (a)(1). He contends, however, that subsection (a)(2) "fails to give adequate notice of the conduct it proscribes" and is therefore unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, section 19 of the North Carolina Constitution.

In determining whether a statute so poorly defines the conduct it intends to proscribe that it becomes unconstitutionally vague, we turn to the following constitutional guidelines:

> That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.

*Connally v. General Construction Company*, 269 U.S. 385, 391 (1926).

> '[T]he terms of a criminal statute must be sufficiently explicit to inform those subject to it what acts it is their duty to avoid or what conduct on their part will render them liable to its penalties, and no one may be required, at the peril of life, liberty, or property to guess at, or speculate as to, the meaning of a penal statute.'

*Surplus Store, Inc. v. Hunter*, 257 N.C. 206, 211, 125 S.E. 2d 764, 768 (1962); *see also, State v. Sparrow*, 276 N.C. 499, 509, 173 S.E. 2d 897, 904 (1970); *In re Burrus*, 275 N.C. 517, 531, 169 S.E. 2d 879, 888 (1969).

Defendant argues that subsection (a)(2) fails to meet these constitutional standards. He says "men of common intelligence" cannot know "what conduct on their part will render them liable to its penalties." *Surplus Store, Inc. v. Hunter*, 257 N.C. at 211, 125 S.E. 2d at 768.

Persons are guilty of an offense under subsection (a)(2) if they drive upon a public highway or public vehicular area after having consumed sufficient alcohol to raise their blood-alcohol concentration to the level of 0.10 or greater "at any relevant time after driving." This phrase is defined by N.C.G.S. § 20-4.01(33a) as "any time after the driving in which the driver still has in his body alcohol consumed before or during the driving." Since the precise concentration of alcohol in the body at any given time cannot be known without the aid of measuring devices, drivers cannot know precisely when their body alcohol level has risen above the 0.10 statutory maximum. Therefore, says defendant, the statute must fail for vagueness.

This argument has a superficial appeal and in other contexts might prevail. As applied to subsection (a)(2), however, it must fail.

The requirement of definiteness in a criminal statute is designed to insure that the statutory language conveys "sufficient definite warning as to the proscribed conduct when measured by common understanding and practices." *Miller v. California*, 413 U.S. 15 (1973); *United States v. Petrillo*, 332 U.S. 1 (1946); *In re Burrus*, 275 N.C. 517, 169 S.E. 2d 879. A statute is not unconstitutionally vague when its terms can be understood and complied with by an average person exercising ordinary common sense. *U.S. Civil Service Commission v. National Ass'n of Letter Carriers*, 413 U.S. 548 (1973); *Broadrick v. Oklahoma*, 413 U.S. 601 (1973); *State v. Lowry and State v. Mallory*, 263 N.C. 536, 139 S.E. 2d 870 (1965); *State v. Hales*, 256 N.C. 27, 122 S.E. 2d 768 (1961).

Subsection (a)(2) sets out in such terms what conduct is proscribed. That conduct is driving after or while consuming a quan-

tity of alcohol which, at any time after the driving, is sufficient to result in a blood-alcohol concentration of 0.10 or greater. Although drivers may not know precisely when they cross the forbidden line, they do know the line exists; and they do know that drinking enough alcohol before or during driving may cause them to cross it. Persons who drink before or while driving take the risk they will cross over the line into the territory of proscribed conduct. This kind of forewarning is all the constitution requires. It is not a violation of constitutional protections "to require that one who goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line." *Boyce Motor Lines v. United States*, 342 U.S. 337 (1952).

There are other criminal statutes which clearly prohibit certain conduct although not in terms which permit persons to know precisely when conduct in which they are engaging actually crosses the line into criminal behavior. In these cases the law simply places persons who engage in certain conduct at risk that their conduct will at some point exceed acceptable behavior. To accept defendant's arguments in the instant case would cast doubt upon the constitutionality of these kinds of criminal statutes which satisfy constitutional definiteness by clearly setting forth what conduct is proscribed.

Under N.C.G.S. § 14-27.2(a), for example, one over a prescribed age who engages in consensual vaginal intercourse with a child who in fact is "under the age of thirteen years" is guilty of first degree rape. Consent is a complete defense if the child was over the prescribed age. *State v. Henderson*, 285 N.C. 1, 203 S.E. 2d 10 (1974); *State v. Primes*, 275 N.C. 61, 165 S.E. 2d 225 (1969). Consent is no defense if in fact the child was not, even if defendant, by reason of the child's appearance or representations, believed in good faith that the consenting child was over the prescribed age. *State v. Wade*, 224 N.C. 760, 32 S.E. 2d 314 (1944). *See also State v. Cox*, 280 N.C. 689, 187 S.E. 2d 1 (1972); *State v. Crawford*, 260 N.C. 548, 133 S.E. 2d 232 (1963). Under this statute a person engaging in consensual vaginal intercourse with a child takes the risk that the child is below the prescribed age. If the child is, criminal responsibility follows even in the absence of defendant's knowledge that his conduct crossed the line into the area of proscribed conduct.

Similarly, a driver whose conduct behind the wheel reaches a certain level of egregiousness may be guilty of reckless driving under N.C.G.S. § 20-140. That statute makes it an offense punishable by fine or imprisonment for any person to drive "carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others." The statute does not, however, say precisely at what point conduct by a driver will constitute reckless driving. Like defendant in this case, drivers charged under that section could also claim that they did not know at exactly what point their conduct became reckless within the meaning of the statute. Despite the accuracy of that claim, such drivers are nonetheless criminally liable at the point where their conduct crosses the forbidden line.

Finally, we note that courts in other jurisdictions which have considered identical challenges to similar driving while impaired statutes have agreed that a 0.10 blood-alcohol concentration is not an unconstitutionally vague standard simply because a drinking driver does not know precisely when he has reached that level. *Fuenning v. Superior Court*, 139 Ariz. 590, 680 P. 2d 121 (1984); *Burg v. Municipal Court*, 35 Cal. 3d 257, 198 Cal. Rptr. 145, 673 P. 2d 732 (1984). *See, Roberts v. State*, 329 So. 2d 296 (Fla. 1976); *Greaves v. Utah*, 528 P. 2d 805 (Utah 1974). These courts have adopted the position that all persons are presumed to know the law and a defendant who drinks and then drives takes the risk that his blood-alcohol content will exceed the legal maximum. We agree with this rationale.

### III.

Defendant asserts, correctly, that blood-alcohol concentration is a function of many factors including the amount of alcohol consumed, the length of time between drinking and measurement, the amount of food in the stomach, and the body's alcohol absorption rate. *See State v. Cooke*, 270 N.C. 644, 155 S.E. 2d 165 (1967). Defendant argues that blood-alcohol measurement made some time after drinking may relate to a driver's physical condition so dissimilar from his condition while driving that it bears no reasonable relationship to the state's legitimate goal of penalizing *impaired* drivers. Defendant cites no authority for this argument. Apparently he relies on the principle that the conduct of citizens in a free society cannot be regulated, or made criminal, under the

state's police power by a statute which is unreasonable, arbitrary or capricious, or which is not reasonably related to some valid legislative purpose. *See State v. Joyner*, 286 N.C. 366, 211 S.E. 2d 320 (1975).

We disagree with defendant's contention that subsection (a)(2) is such a statute. Defendant recognizes that by defining the offense in terms of blood-alcohol content after driving, the statute succeeds in depriving "an impaired driving defendant of the defense that his blood-alcohol concentration was below 0.10 at the time of driving, but rose to 0.10 or more by the time of analysis." Defendant's Brief p. 12. Defendant concedes that "there is no constitutional right to drink and drive. Indeed, a statute prohibiting driving after the consumption of *any* amount of alcohol would pass constitutional muster." Defendant's Brief, p. 13. (Emphasis defendant's.) With this concession we have no quarrel. In it lies the answer to this prong of defendant's argument. If the legislature can constitutionally proscribe driving after the consumption of any alcohol, it follows that this aspect of defendant's attack on subsection (a)(2) must be rejected. A person whose blood-alcohol concentration, as a result of alcohol consumed before or during driving, was at some time after driving 0.10 or greater must have had some amount of alcohol in his system at the time he drove. The legislature has decreed that this amount, whatever it might have been, is enough to constitute an offense. This it may constitutionally do.

Defendant calls our attention to several hypothetical situations designed to illustrate the point that because of the various factors influencing blood-alcohol concentration at any given time, some persons whose concentrations were greater (and who were presumably more impaired) while driving than when measured may escape prosecution or at least conviction under subsection (a)(2). Other persons whose concentrations were less (and who were presumably less impaired) while driving than when measured will be ensnared under the subsection. Let it suffice to say that subsection (a)(2) is only one of two avenues by which persons may be prosecuted under the Safe Roads Act. Persons who escape it because their blood-alcohol concentrations were less when tested than when driving will likely be subject to prosecution and conviction under subsection (a)(1). In determining whether subsection (a)(2) is evenhanded enough to pass constitu-

tional muster, we must view it not in isolation but as part of a larger statutory scheme. *State v. Lucas*, 302 N.C. 342, 275 S.E. 2d 433 (1981); *In re Brownlee*, 301 N.C. 532, 272 S.E. 2d 861 (1981); *Williams v. Williams*, 299 N.C. 174, 261 S.E. 2d 849 (1980). So viewed we are satisfied that it should be sustained.

The decision of the superior court is, therefore,

Affirmed.