STATE OF NORTH CAROLINA v. FRANKLIN DELANO DENNING

No. 8513SC108

(Filed 16 July 1985)

**Automobiles and Other Vehicles § 130— sentencing under Safe Roads Act—aggravating factors**

 Although defendant made a compelling argument that the sentencing scheme of the Safe Roads Act may deprive certain persons of their right to a jury trial by allowing the trial judge in the sentencing phase to find a defendant guilty of aggravating factors which are separate criminal offenses and to increase punishment based on those "convictions," defendant lacked standing in this case because the trial judge found one grossly aggravating factor: that defendant had a prior conviction for a similar offense within seven years. G.S. 20-138.1, G.S. 20-179, Art. I, § 13, North Carolina Constitution.

APPEAL by defendant from *Clark, Judge.* Judgment entered 8 October 1984 in Superior Court, BLADEN County. Heard in the Court of Appeals 24 June 1985.

Defendant was charged with driving while impaired. Defendant filed, pursuant to G.S. 15A-954(a)(1), a motion to dismiss the charges against him on the grounds that G.S. 20-138.1 is unconstitutional on its face. This motion was denied. Defendant was tried before a jury. From a judgment imposing the Level Two punishment, defendant appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Hulse & Hulse, by Herbert B. Hulse, for defendant appellant.*

ARNOLD, Judge.

Defendant was convicted of driving while impaired and was sentenced to punishment at "Level Two" under the North Carolina Safe Roads Act of 1983. On appeal, he challenges the constitutionality of the Safe Roads Act, G.S. 20-138.1, -179. In particular, he claims that the method of sentencing and punishment provided for by the Act deprives him of his right to trial by jury. Defendant argues (1) that the Safe Roads Act provides for enhanced sentences when the trial judge finds certain aggravating factors, and (2) that these aggravating factors are essentially criminal offenses or elements of offenses which should be alleged in a

criminal pleading and considered by a jury. In short, defendant complains that under the Act a trial judge can "convict" him during the sentencing phase of crimes which ordinarily would be tried by a jury, and then rely on those "convictions" to deprive him of liberty and property.

We agree that a statute which circumvents a defendant's right to jury trial by allowing a trial judge in the sentencing phase of the trial of the crime charged to find the defendant guilty of other criminal offenses (for which he has not been previously tried) and, accordingly, to increase punishment for the original crime because of those other "convictions," would arguably violate our state constitution, *see* article I, section 13, N.C. Const.; *see also State v. Lewis*, 274 N.C. 438, 442, 164 S.E. 2d 177, 180 (1968); *State v. Williams*, 295 N.C. 655, 674, 249 S.E. 2d 709, 722 (1978); *State v. Moss*, 47 N.C. 66 (1854); *State v. Holt*, 90 N.C. 749, 751-53 (1884). In this case, although defendant has made a compelling argument about the extent to which the sentencing scheme of the Safe Roads Act may deprive certain persons of their right to jury trial, he has failed to show how he was directly and personally injured by the Act.

The record shows that defendant was given "Level Two" punishment. Defendant has failed to include in the record evidence of what aggravating or grossly aggravating factors led to his being subjected to this level of punishment. We take notice that the trial judge found one grossly aggravating factor: that defendant had a prior conviction for a similar offense within seven years. We do not find that a trial judge's increasing punishment after a finding of this factor in any way deprives the defendant of his right to jury trial. Further, although defendant's jury trial argument might have been more successfully lodged if he had been found "guilty" in the sentencing phase of other aggravating factors, such as reckless and dangerous driving, or passing a stopped school bus, which are separate criminal offenses, and for which one accused of them should be formally charged and tried, he does not now have standing to attack those portions of the statute as he was not injured directly by them. *See Canteen Service v. Johnson, Comr. of Revenue*, 256 N.C. 155, 166, 123 S.E. 2d 582, 589 (1962).

---

---

Defendant's other constitutional challenges have been addressed in *State v. Rose*, 312 N.C. 441, 323 S.E. 2d 339 (1984), and *State v. Howress*, 312 N.C. 454, 323 S.E. 2d 335 (1984).

The denial of defendant's motion to dismiss is affirmed.

Affirmed.

Chief Judge HEDRICK and Judge PARKER concur.