STATE OF NORTH CAROLINA v. JAMES BERTRAN JONES

No. 851SC232

(Filed 16 July 1985)

**Automobiles and Other Vehicles § 126.2— breathalyzer results—not required to be expressed as grams per milliliters of blood or liters of breath**

Testimony that defendant had an alcohol concentration of .11 did not have to be excluded in a prosecution for driving while impaired because it was not

expressed in terms of grams per milliliters of blood or liters of breath. There is no such requirement in the Motor Vehicle Code, the courts have not interpreted G.S. 20-138.1 as requiring such specificity, and both the chemical analyst and the trial judge defined "alcohol concentration" so that it was completely clear to the jury.

APPEAL by defendant from *Small, Judge*. Judgment entered 21 September 1984 in Superior Court, CURRITUCK County. Heard in the Court of Appeals 24 June 1985.

Defendant was charged and convicted in district court of the offense of driving while impaired in violation of G.S. 20-138.1. He appealed to superior court for a trial *de novo*. In superior court, the jury returned a verdict finding defendant guilty as charged. From the judgment entered on the verdict, defendant appealed.

*Attorney General Lacy H. Thornburg by Assistant Attorney General Jane P. Gray for the State.*

*D. Keith Teague for defendant-appellant.*

PARKER, Judge.

Defendant contends the trial court committed prejudicial error by admitting into evidence the results of a breathalyzer test showing that defendant had an alcohol concentration of .11 because the results were not stated or recorded in terms of grams of alcohol per 100 milliliters of blood or per 210 liters of breath. He argues that because the test result was expressed simply as .11, and not as a quantity of alcohol per unit of blood or breath, it was irrelevant and should have been excluded. We find this argument meritless.

General Statute 20-138.1 provides that "[a] person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State: . . . (2) After having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.10 or more." There is no requirement in the statute or elsewhere in our Motor Vehicle Code, Chapter 20 of our General Statutes, that a person's alcohol concentration be expressed in terms of grams per milliliters of blood or liters of breath, nor have our courts interpreted G.S. 20-138.1 as requiring such specificity. *See, e.g., State v. Shuping*, 312 N.C. 421, 323 S.E. 2d 350

(1984); *State v. Howren*, 312 N.C. 454, 323 S.E. 2d 335 (1984). Moreover, both the chemical analyst who testified about the test results and the trial court defined the term "alcohol concentration" for the jury so that it was completely clear what was meant by the term. Accordingly, we find no error in the admission of the test results.

No error.

Chief Judge HEDRICK and Judge ARNOLD concur.