STATE OF NORTH CAROLINA v. STURGIS JACKSON WHITE

No. 865SC791

(Filed 20 January 1987)

**1. Automobiles § 126.3— breathalyzer test results—sufficiency of breath samples —sequential testing requirement of statute complied with**

Defendant was not entitled to have breathalyzer test results suppressed on the ground that the operator did not get his results from two consecutively

administered tests as required by N.C.G.S. § 20-139.1(b3)(2)a, since the time of the first reading was 11:15 a.m. and it showed an alcohol concentration of .20; defendant then gave two "puffs" of breath which were insufficient to give a reading; defendant then at 11:26 a.m. gave a second adequate sample which showed a concentration of .19; and the statute requiring sequential testing was thus complied with.

2. **Arrest and Bail § 3.8— warrantless arrest—driving while impaired—probable cause**

An officer's warrantless arrest of defendant was entirely legal and proper where the officer, based upon his own observation, had probable cause to believe defendant was intoxicated; based upon the statement of the security guard who had called the police, the officer had probable cause to believe defendant had driven in that intoxicated state; defendant's car was nearby; and knowing defendant had come and gone once already, the officer had probable cause to believe that defendant would get back in his car and drive in an intoxicated condition.

3. **Automobiles § 126.2; Constitutional Law § 76— breathalyzer test—no violation of right against self-incrimination**

There was no merit to defendant's contention that breathalyzer test results should have been suppressed on the ground that N.C.G.S. § 20-16.2, mandating a 12-month license suspension for refusal to submit to a breathalyzer test, is unconstitutional because it coerces a defendant to give self-incriminating evidence, since chemical analysis of breath is not evidence which is testimonial or communicative in nature.

APPEAL by defendant from *Lake, Judge.* Judgment entered 18 February 1986 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 16 December 1986.

Appellant was found guilty on 9 October 1985 in District Court to driving while impaired. He appealed to the Superior Court for trial *de novo.* On *voir dire* before Judge James R. Strickland on 10 February 1986, defendant made four pre-trial motions challenging his arrest and the breathalyzer results. After his motions were denied, defendant pleaded guilty before Judge I. Beverly Lake, Jr., on 18 February to driving while impaired. He was sentenced to twenty-four hours in jail as a Level Five offender. Defendant appeals pursuant to G.S. 15A-979(b).

*Attorney General Lacy H. Thornburg by Assistant Attorney General W. Dale Talbert for the State.*

*R. Theodore Davis, Jr., for defendant-appellant.*

PARKER, Judge.

[1] Defendant first assigns as error the denial of his motion to suppress the results of the breathalyzer tests administered to him on the day of his arrest. The grounds for his motion were that the breathalyzer operator did not get his results from two consecutively administered tests, as required by G.S. 20-139.1(b3) (2)a.

The evidence on *voir dire* revealed that defendant was asked to give a breath sample by blowing hard into the machine. He did this, and the machine measured a blood alcohol concentration of 0.20. When asked to give a second sample, defendant "puffed" into the machine, according to the testimony of the chemical analyst who administered the test. The machine failed to give a result and indicated that the breath sample had been insufficient. Defendant was again asked to give a breath sample and again it was insufficient. The analyst then warned defendant that another failure to give an adequate sample would be considered a willful refusal to submit to the breathalyzer. Defendant then gave a sufficient sample and a reading of 0.19 was obtained.

Appellant argues that because of the two insufficient breath samples between the two readings, the readings should have been inadmissible. General Statute 20-139.1(b3) reads, in relevant part:

(b3) Sequential Breath Tests Required.— By January 1, 1985, the regulations . . . governing the administration of chemical analyses of the breath must require the testing of at least duplicate sequential breath samples. Those regulations must provide:

. . .

(2) That the test results may only be used to prove a person's particular alcohol concentration if:

a. The pair of readings employed are from consecutively administered tests; and

b. The readings do not differ from each other by an alcohol concentration greater than 0.02.

Defendant relies on the phrase "sequential breath samples" of the first paragraph of subsection (b3). The State argues that

under subparagraph (2)a, there were "consecutively administered tests," as the machine automatically rejects insufficient breath samples and, therefore, no "tests" were conducted on those samples.

The purpose underlying requiring at least two tests is to ensure accuracy of the readings. *See* J. Drennan, *The Safe Roads Act of 1983: A Summary and Compilation of Statutes Amended and Affected by the Act* Ch. V, § A (1983). Sequential tests are required to minimize the time between tests. There are several factors beyond the control of either the accused or the breathalyzer operator which can affect the accuracy of the readings, such as body temperature of the accused, extraneous alcohol in the mouth of the accused, physical exercise or hyperventilation, even the humidity and barometric pressure in the testing room. *See generally* Mason and Dubowski, *Breath-Alcohol Analysis, Uses, Methods, and Some Forensic Problems*, 21 Journal of Forensic Sciences 9 (1976). Requiring sequential tests is one way of minimizing the effect these various factors could have on the accuracy of the breathalyzer readings by reducing the time between the two required samples.

In the findings of fact made by the trial court below, the time of the first reading was 11:15 a.m., and the time of the second reading was 11:26 a.m. The first reading showed an alcohol concentration of .20 and the second showed a concentration of .19. Because these readings were taken from "consecutively administered tests" on adequate breath samples given within eleven minutes of one another, and because the readings are within .01 of one another, the statute requiring sequential testing was, in our view, complied with in this case. To hold otherwise would allow an accused to thwart the testing process by deliberately giving insufficient breath samples.

[2] Defendant's second assignment of error is that the trial court erred in denying his motion to suppress the breathalyzer results as the fruit of an illegal arrest. The evidence on *voir dire* showed that the Wilmington police had been called to the North Carolina Film Studio twice concerning a trespass and communicating threats. The defendant, identified by the Film Studio security guard, had gone by the time the officer arrived the first time. The second time, twenty minutes later, defendant was still there when the officer arrived. The studio security guard advised the officer

that defendant had driven into the studio parking lot and was again making threats. The officer approached defendant and, seeing that he was obviously intoxicated, placed him under arrest for driving while impaired.

General Statute 15A-401(b)(2) allows a law enforcement officer to make a warrantless arrest of "any person who the officer has probable cause to believe . . . [h]as committed a misdemeanor, and . . . [m]ay cause physical injury to himself or others, or damage to property unless immediately arrested." Based upon his own observation, the officer had probable cause to believe defendant was intoxicated. Based upon the statement of the security guard, the officer had probable cause to believe defendant had driven in that intoxicated state. Further, defendant's car was nearby and, knowing defendant had come and gone once already, the officer had probable cause to believe that defendant would get back in his car and drive in an intoxicated condition. Therefore, defendant's arrest was entirely proper and legal. The assignment of error is overruled.

[3] The third assignment of error raised by defendant is that the trial court erred in denying his motion to suppress the breathalyzer results on the grounds that G.S. 20-16.2, mandating a twelve-month license suspension for refusal to submit to a breathalyzer, is unconstitutional, in that it coerces a defendant to give self-incriminating evidence. Both the United States Supreme Court and our state Supreme Court have held that chemical analyses of blood or breath are not within the protection of the Fifth and Fourteenth Amendments to the U.S. Constitution, or Article I, Section 23 of the North Carolina Constitution. *See Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed. 2d 908 (1966); *State v. Howren*, 312 N.C. 454, 323 S.E. 2d 335 (1984). The rationale underlying these holdings is that such chemical analyses are not evidence which is "testimonial" or "communicative" in nature. *Howren, supra.* Our Supreme Court has applied the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 23 of the North Carolina Constitution coextensively. *See State v. Strickland*, 276 N.C. 253, 173 S.E. 2d 129 (1970). The assignment of error is overruled.

Defendant's next assignment of error is that the testing officer did not give him the proper warnings under *Miranda v. Ari-*

*zona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966), prior to administering the breathalyzer. However, as breathalyzer results are not testimonial evidence, it has been held that the *Miranda* warnings are not required prior to administering a breathalyzer. *Howren, supra.*

By his next assignment of error, defendant contends that his case should have been dismissed as he alleges he was denied a speedy trial as defined in The Speedy Trial Act, G.S. 15A-701, *et seq.* The record is devoid of any indication that defendant moved the trial court prior to trial or entry of a guilty plea to dismiss the case for violations of the Act. Therefore, defendant has waived his right to dismissal under the statute. G.S. 15A-703(a). The assignment of error is overruled.

Defendant's remaining assignments of error have been brought forth by counsel, without supporting authority, asking this Court to review the record relating to the assignments for error on its face. After carefully reviewing the record and briefs, we conclude that there is no merit in these assignments of error and they are overruled.

Defendant's contentions have been carefully considered, and we conclude that they are without merit. Therefore, his guilty plea was properly entered and accepted. The judgment is

Affirmed.

Judges WELLS and MARTIN concur.