STATE v. TEW

[95 N.C. App. 634 (1989)]

STATE OF NORTH CAROLINA v. CHARLIE TEW

No. 888SC1324

(Filed 19 September 1989)

**Automobiles and Other Vehicles § 126.2 — breathalyzer tests — difference greater than .02 — inadmissibility**

Breathalyzer test results were inadmissible in a DWI prosecution pursuant to N.C.G.S. § 20-139.1(b3) where the reading for the first test was between .22 and .23, and the reading for the second test was .20, since the readings for defendant's two breathalyzer tests differed from each other by an alcohol concentration greater than .02.

Judge COZORT dissenting.

APPEAL by defendant from *Currin, Judge.* Judgment entered 21 September 1988 in Superior Court, WAYNE County. Heard in the Court of Appeals 24 August 1989.

Defendant was arrested for DWI on 22 July 1987. He was taken before State Trooper J. D. Booth who administered two tests of defendant's breath for alcohol content. The first test recorded an alcohol concentration of between .22 and .23 grams of alcohol per 210 liters of breath (the reading appears to have been closer to .23, and defendant contends that it was .226). The second test recorded an alcohol concentration of .20 grams of alcohol per 210 liters of breath.

Defendant was tried and convicted of DWI on 24 March 1988 in district court. He appealed to the superior court for a trial *de novo*. At the beginning of the trial, defendant orally moved to suppress the results of the chemical analysis. The trial court held a *voir dire* on the motion, but ultimately denied it. Defendant then entered a plea of guilty, but reserved his right to appeal. The trial court found the defendant guilty of DWI, and from that judgment defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Barnes, Braswell, Haithcock & Warren, by R. Gene Braswell and Glenn A. Barfield, for defendant appellant.*

ARNOLD, Judge.

The procedures governing the admissibility and performance of a breath test are contained in N.C.G.S. § 20-139.1. The relevant portion of this statute provides:

> (b) . . . A chemical analysis, to be valid, must be performed in accordance with the provisions of this section. The chemical analysis must be performed according to methods approved by the Commission for Health Services by an individual possessing a current permit issued by the Department of Human Resources for that type of chemical analysis. The Commission for Health Services is authorized to adopt regulations approving satisfactory methods or techniques for performing chemical analyses . . . .

In addition, subsection (b3) provides:

> By January 1, 1985, the regulations of the Commission for Health Services governing the administration of chemical analyses of the breath must require the testing of at least duplicate sequential breath samples. Those regulations must provide:
>
> \* \* \* \*
>
> (2) That the test results may only be used to prove a person's particular alcohol concentration if:
>
> a. The pair of readings employed are from consecutively administered tests; and
>
> b. The readings do not differ from each other by an alcohol concentration greater than 0.02.

N.C.G.S. § 20-139.1(b3).

The Commission for Health Services has published operating procedures for conducting breathalyzer tests pursuant to N.C.G.S. § 20-139.1(b). Regulation 7B.0354 provides in part:

> (a) When performing chemical analyses of breath under the authority of G.S. 20-139.1 and the provisions of these rules, chemical analysts shall report alcohol concentrations on the basis of grams of alcohol per 210 liters of breath. All results

shall be reported to hundredths. Any result between hundredths shall be reported to the next lower hundredth.

N.C. Admin. Code tit. 10, r. 7B.0354 (eff. Feb. 1987).

Following the regulations of the Commission for Health Services, Trooper Booth rounded the first test results down to .22. He then recorded the two readings as .22 and .20 (by rounding down the first reading, the two results were within .02 of each other which is required by N.C.G.S. § 20-139.1(b3)).

The readings from defendant's two breath tests differed from each other by an alcohol concentration greater than 0.02. Defendant's motion to suppress the test results should have been granted.

Reversed.

Judge BECTON concurs.

Judge COZORT dissents.

Judge COZORT dissenting.

I do not disagree with the majority's literal interpretation of the specific statute at issue here. Nonetheless, I believe that, when this specific statute is considered *in pari materia* with the rest of the statutes on procedures governing chemical analyses, the General Assembly did not intend for the evidence of breathalyzer readings to be suppressed when the "rounded down" readings are within .02. *Cf. Pollard v. Smith*, 324 N.C. 424, 378 S.E.2d 771 (1989).

N.C. Gen. Stat. § 20-139.1 permits the admission in evidence of the lower reading of a pair of consecutively administered tests. The purpose underlying the requirement of at least two tests is to assure the accuracy of the readings. *State v. White*, 84 N.C. App. 111, 114, 351 S.E.2d 828, 830, *appeal dismissed*, 319 N.C. 409, 354 S.E.2d 887 (1987). I believe that purpose is fulfilled when the "rounded down" readings are within .02 of each other.

In the case below, the first reading was between .22 and .23 and the second was .20. I do not believe those readings demonstrate unreliability of the machine. I also take judicial notice that these readings indicate an excessive consumption of alcohol. A purely technical reading of the statute works to suppress evidence of this excessive consumption. I vote to affirm the trial court's ruling denying the motion to suppress.