## STATE v. FREUND

[326 N.C. 795 (1990)]

---

STATE OF NORTH CAROLINA v. MARK CHARLES FREUND

No. 406A89

(Filed 13 June 1990)

**Automobiles and Other Vehicles § 126.2 (NCI3d) — breathalyzer results — difference in first and second reading — admissible**
    Breathalyzer test results were admissible in a DWI prosecution even though the first and second tests were within .02 of each other only when the first test was rounded down to the nearest hundredth.

    **Am Jur 2d, Automobiles and Highway Traffic §§ 307, 375, 377, 380.**

    Justice WEBB dissenting.

APPEAL by the State of North Carolina pursuant to N.C.G.S. § 7A-30(2) from the unpublished decision of a divided panel of the Court of Appeals, 95 N.C. App. 661, 384 S.E.2d 309 (1989), affirming the judgment of *Strickland, J.*, at the 3 October 1988 session of Superior Court, ONSLOW County. Heard in the Supreme Court 12 March 1990.

    *Lacy H. Thornburg, Attorney General, by Isaac T. Avery, III, Special Deputy Attorney General, for the State-appellant.*

    *No counsel contra.*

STATE v. FREUND

[326 N.C. 795 (1990)]

MEYER, Justice.

On 4 June 1988, defendant was charged with driving while impaired (DWI) in violation of N.C.G.S. § 20-139.1. Prior to trial in district court, defendant moved to suppress the results of the chemical analysis performed at the time of his arrest, introducing into evidence the test record cards from which the chemical analyst observed and recorded the test results. Defendant contended that because the marking on the card for the first test indicated a "reading" between 0.14 and 0.15 and the markings on the card for the second test indicated a "reading" of 0.12, the test results were rendered invalid under N.C.G.S. § 20-139.1(b3). That subsection provides that "the test *results* may only be used to prove a person's particular alcohol concentration if . . . [t]he *readings* do not differ from each other by an alcohol concentration greater than 0.02." N.C.G.S. § 20-139.1(b3)(2) (1983) (emphases added).

On 22 July 1988, District Court Judge Wayne G. Kimble granted defendant's motion. The State petitioned the Superior Court, Onslow County, for writ of certiorari to the district court, seeking to reverse the suppression order. Judge George M. Fountain granted the State's petition on 22 September 1988. On 17 October 1988, Judge James M. Strickland adopted the findings and conclusions of the district court judge and upheld the suppression order.

The State appealed to the Court of Appeals, upon certificate of the prosecutor that such appeal was not taken for the purpose of delay and that the evidence of the breathalyzer results was essential to the prosecution of the case. Relying upon its analysis in *State v. Tew*, 95 N.C. App. 634, 383 S.E.2d 400 (1989), the Court of Appeals upheld the suppression of the chemical analysis, Judge Cozort dissenting.

The State appealed to this Court as of right, and its requests for writ of supersedeas and stay were allowed by this Court on 25 September 1989. The issue presented in this case is identical to that presented in *State v. Tew*, 326 N.C. 732, 392 S.E.2d 603 (1990), decided this date. Relying on the reasoning set out in our decision in *Tew*, we now reverse the Court of Appeals. This case is remanded to the Court of Appeals for further remand to the trial division for proceedings not inconsistent with this opinion.

Reversed.

Justice WEBB dissenting.

I dissent for the reasons stated in my dissenting opinion in *State v. Tew*, 326 N.C. 732, 392 S.E.2d 603 (1990).