STATE OF NORTH CAROLINA
v.
LISA CAROL BURNS, Defendant.
No. COA08-1181
Court of Appeals of North Carolina.
Filed June 2, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Jess D. Mekeel, for the State.
William B. Gibson for defendant.
ELMORE, Judge.
Lisa Carol Burns (defendant) appeals from a 10 August 2007 order reversing a pretrial order by the district court that dismissed defendant's impaired driving charge and remanding defendant's case to the district court to reinstate the charge of driving while impaired. Defendant argues that the trial court erred because her statutory and constitutional rights to an attorney, pursuant to N.C. Gen. Stat. § 20-16.2 and the North Carolina Constitution, were flagrantly violated and resulted in irreparable prejudice to defendant's case. We disagree.
On 6 April 2006, at approximately 1:45 a.m., police officer Terry Jackson observed defendant pull out of a parking lot located off Capital Boulevard in Raleigh. Officer Jackson witnessed the defendant's vehicle spin its tires rapidly as it pulled out of the parking lot. Officer Jackson followed the car and saw the vehicle accelerate rapidly and weave in and out of its lane of traffic. He estimated that the vehicle reached approximately sixty-five miles per hour in a forty-five miles per hour zone. After observing the car for approximately three-quarters of a mile and watching the vehicle use almost all four lanes on the road, Officer Jackson pulled over defendant's car.
Officer Jackson approached defendant's car while she was inside the vehicle and asked for her license and registration. He observed that defendant had a strong odor of alcohol about her, that her eyes were bloodshot, and that her speech was slurred. Officer W.M. Brinkly joined Officer Jackson. Officer Brinkly reported that defendant's eyes were glassy. After making his initial observations, Officer Jackson asked defendant to perform a field sobriety test, but she declined to do so. Officer Jackson then placed defendant under arrest, handcuffing her.
Defendant had a pocketbook and a planner at the time of her arrest. Officer Jackson took control of these items as he placed defendant in the car. Officer Jackson drove to the Public Safety Center and took defendant to the room used for conducting chemical analysis of the breath (Intoxilyzer). Once inside this room, he placed defendant's pocketbook and planner on a nearby table, where defendant could not access them. Officer Jackson read defendant her rights at 2:04 a.m. After receiving her rights, defendant asked several times about her cell phone, which was located in her pocketbook. There is evidence that defendant told the arresting officers that she had her attorney's cell phone number in her cell phone and that she had his business card in her planner. After she asked to speak with her attorney, the officers used a telephone book to look up the attorney's office number. Throughout the course of these events, defendant remained handcuffed.
At 2:08 a.m., an officer placed a call to defendant's attorney's office and left a message on the answering machine; defendant informed the officer that her attorney would not be at the office at this time of day. At 2:37 a.m., after the required 30-minute waiting period, defendant submitted to a chemical breath analysis test. No witness arrived on defendant's behalf to observe the procedures. Defendant was released from custody at 3:27 a.m.
On 9 October 2006, defendant filed a motion to dismiss the charge under N.C. Gen. Stat. § 15A-954(a)(4). The district court granted the motion and dismissed defendant's charge by order entered 15 May 2007 nunc pro tunc 30 March 2007. The district court concluded that defendant's constitutional and statutory rights to call her attorney, pursuant to N.C. Constitution, Art. I, Section 23, and N.C. Gen. Stat. § 20-16.2, had been flagrantly violated, causing irreparable injury to defendant's preparation of her case.
The State appealed to the superior court, which conducted a de novo hearing and issued an order reversing the district court's dismissal and remanding the case for trial. The superior court found that the State had failed to comply with the statutory requirements of N.C. Gen. Stat. § 20-16.2, but found no violations of defendant's constitutional rights. The superior court held that the Intoxilizer test results produced on 6 April 2006 were inadmissible at trial because of the statutory violation, but that it was error for the district court to dismiss the charges because there was no constitutional violation of defendant's rights that might authorize dismissal under N.C. Gen. Stat. § 15A-954(a)(4).
On 25 April 2008, defendant was convicted by a jury and sentenced to an active sentence of nine months. Defendant now appeals from the superior court's 10 August 2007 order on the ground that the court erred by denying her motion to dismiss the charges because the officers violated her constitutional right to call her attorney, which warrants dismissal under N.C. Gen. Stat. § 15A-954(a)(4).
This appeal presents issues of statutory and constitutional interpretation, which are questions of law. Thus, we review them de novo. Armstrong v. N.C. State. Bd. of Dental Examiners, 129 N.C. App. 153, 156, 499 S.E.2d 462, 466 (1998).
Defendant argues that the violation of N.C. Gen. Stat. § 20-16.2 warrants the dismissal of her charge pursuant to N.C. Gen. Stat. § 15A-954(a)(4) because her constitutional right to counsel was violated. N.C. Gen. Stat. § 20-16.2 provides, in pertinent part:
Any person who drives a vehicle on a highway or public vehicular area thereby gives consent to a chemical analysis if charged with an implied-consent offense. Any law enforcement officer who has reasonable grounds to believe that the person charged has committed the implied-consent offense may obtain a chemical analysis of the person.
Before any type of chemical analysis is administered the person charged shall be taken before a chemical analyst authorized to administer a test of a person's breath or a law enforcement officer who is authorized to administer chemical analysis of the breath, who shall inform the person orally and also give the person a notice in writing that:
* * *
(6) You may call an attorney for advice and select a witness to view the testing procedures remaining after the witness arrives, but the testing may not be delayed for these purposes longer than 30 minutes from the time you are notified of these rights. You must take the test at the end of 30 minutes even if you have not contacted an attorney or your witness has not arrived.
N.C. Gen. Stat. § 20-16.2 (2007). Although this statute provides motorists with the right to contact an attorney, "there is no constitutional right to have an attorney present prior to submitting to chemical analysis[.]" State v. Howren, 312 N.C. 454, 457, 323 S.E.2d 335, 337 (1984). There is also "no constitutional right to refuse to submit to chemical analysis." Id. at 456, 323 S.E.2d at 337 (citation omitted). Thus, defendant had no constitutional right to counsel before taking the Intoxilyzer test. Accordingly, the superior court properly denied defendant's motion to dismiss the charges because the officers did not violate defendant's constitutional right to counsel by denying access to her cell phone.
We affirm the order of the superior court.
Affirmed.
Judges BRYANT and STEELMAN concur.
Report per Rule 30(e).