STATE OF NORTH CAROLINA v. JOHN BURCH

No. COA02-1137

(Filed 16 September 2003)

**Assault— habitual misdemeanor assault—motion to dismiss— sufficiency of evidence**

The trial court erred by failing to dismiss the charge of habitual misdemeanor assault and the case is remanded for resentencing on defendant's conviction for assault inflicting serious injury, because: (1) the State failed to present any evidence of defendant's prior misdemeanors as required by N.C.G.S. § 15A-928(b), and defendant did not stipulate to the five prior misdemeanors before the State rested its case; and (2) there was no discussion in the record of an agreement to bifurcate the proceedings and submit the issue of defendant's prior record to the jury at a later time.

Appeal by defendant from judgment entered 29 January 2002 by Judge Howard E. Manning, Jr. in Person County Superior Court. Heard in the Court of Appeals 18 August 2003.

*Roy Cooper, Attorney General, by Valerie L. Bateman, Assistant Attorney General, for the State.*

*William H. Dowdy for defendant-appellant.*

STEELMAN, Judge.

Defendant, John Burch, appeals his conviction of habitual misdemeanor assault. For the reasons discussed herein, we reverse and remand.

STATE v. BURCH

[160 N.C. App. 394 (2003)]

The State's evidence tended to show that on 12 March 2001, defendant and the victim, Barbie Mangum, were boyfriend and girlfriend. On that date, Mangum went to defendant's house. Later that evening, they began to argue about defendant's former girlfriend. Subsequent to the argument, Mangum went to lie down in a bedroom. She was later awakened by defendant slapping her face. He pushed her off the bed, choked her, and continued to slap her in her face. Defendant demanded that Mangum perform oral sex on him. At first, Mangum refused, but finally relented amid continuous blows to her face. Mangum performed oral sex. While she was on her knees, defendant punched her in her eye, causing her to fall backwards.

Mangum sought treatment for her injuries at a hospital. She informed the medical staff that she had been beaten.

Defendant's evidence tended to show that on the morning of 13 March 2001, defendant's mother, Willa Burch, who lived with defendant, saw defendant and Mangum asleep in defendant's bed. Mangum later woke up and showed Burch what defendant had done to her face. Burch gave Mangum some ice and they all sat down at the kitchen table.

Tracy Caldwell, defendant's sister, stated that defendant, Mangum and a man named Mike Hargus were smoking marijuana on the evening of 12 March 2001. Caldwell was at the house until about 3:00 a.m., at which point she saw Mangum at the kitchen table with defendant. There were no bruises on her face.

Officer Rodney Chandler of the Person County Sheriff's Department arrested defendant on 14 March 2001. He was charged with habitual misdemeanor assault and other more serious crimes. The other charges were either dismissed by the trial court or defendant was found not guilty by the jury. The trial court did not submit the charge of habitual misdemeanor assault to the jury, but rather submitted only the charge of assault inflicting serious injury. The jury found defendant guilty of that charge, a misdemeanor. Following the return of the jury's verdict, defendant admitted to five prior misdemeanors and was sentenced to ten to twelve months in prison. Defendant appeals.

Because we find defendant's second assignment of error to be dispositive of the case, we do not reach his first and third assignments of error.

Defendant argues that the trial court erred in failing to dismiss the habitual misdemeanor assault charge at the close of the State's evidence. We agree.

The criminal law of this State contains two distinct types of "habitual" classifications. The first type includes habitual felon under Article 2A of Chapter 14 and violent habitual felon under Article 2B of Chapter 14. This category classifies the transgression as a status, not a substantive offense. *See State v. Penland*, 89 N.C. App. 350, 365 S.E.2d 721 (1988). The habitual felon status must be charged in an indictment separate from the principal felony. N.C. Gen. Stat. §§ 14-7.3, 14-7.9 (2001); *State v. Winstead*, 78 N.C. App. 180, 336 S.E.2d 721 (1985). The defendant must first be tried before a jury on the principal felony. N.C. Gen. Stat. §§ 14-7.5, 14-7.11 (2001). During the trial on the principal felony, it may not be revealed to the jury that the defendant is being charged as a habitual felon. *Id.* Only in the event that the jury finds a defendant guilty of the principal felony will the habitual felon indictment be presented to the jury. *Id.*

Trials involving habitual felons and violent habitual felons are bifurcated, with two separate trials before the same jury; the first on the principal felony and the second on the habitual felon status. The defendant may not stipulate to habitual felon status, but must either plead guilty or be found guilty by a jury. *State v. Gilmore*, 142 N.C. App. 465, 542 S.E.2d 694 (2001).

The second type of habitual offenses include habitual misdemeanor assaults and habitual impaired driving. N.C. Gen. Stat. §§ 14-33.2; 20-138.5 (2001). Trials for these offenses are required to follow the procedures set forth in Chapters 15A and 20, which are different from those set forth for habitual felons and violent habitual felons in Chapter 14. Section 15A-928 applies to offenses when "the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter." N.C. Gen. Stat. § 15A-928(a) (2003). These habitual offenses are substantive offenses; the "habitual" aspect is not merely a status. *State v. Smith*, 139 N.C. App. 209, 533 S.E.2d 518, *appeal dismissed*, 353 N.C. 277, 546 S.E.2d 391 (2000). The prior convictions of a defendant are an element of the habitual offense. N.C. Gen. Stat. §§ 14-33.2; 20-138.5. The State must prove all elements of a crime beyond a reasonable doubt. "Elements of criminal offenses present questions of fact which must be resolved by the jury upon the State's proof of their existence beyond a reasonable

doubt." *State v. Torain*, 316 N.C. 111, 119, 340 S.E.2d 465, 469, *cert. denied*, 479 U.S. 836, 93 L. Ed. 2d 77 (1986).

Section 15A-928(c) sets forth specific procedures which must be followed for this type of habitual offense:

> (c) After commencement of the trial and before the close of the State's case, the judge in the absence of the jury must arraign the defendant upon the special indictment or information, and must advise him that he may admit the previous conviction alleged, deny it, or remain silent. Depending upon the defendant's response, the trial of the case must then proceed as follows:

> (1) If the defendant admits the previous conviction, that element of the offense charged in the indictment or information is established, no evidence in support thereof may be adduced by the State, and the judge must submit the case to the jury without reference thereto and as if the fact of such previous conviction were not an element of the offense. The court may not submit to the jury any lesser included offense which is distinguished from the offense charged solely by the fact that a previous conviction is not an element thereof.

> (2) If the defendant denies the previous conviction or remains silent, the State may prove that element of the offense charged before the jury as a part of its case. This section applies only to proof of a prior conviction when it is an element of the crime charged, and does not prohibit the State from introducing proof of prior convictions when otherwise permitted under the rules of evidence.

N.C. Gen. Stat. § 15A-928(c). The purpose of this procedure is to afford the defendant an opportunity to admit the prior convictions which are an element of the offense and prevent the State from presenting evidence of these convictions before the jury. However, if the defendant fails to admit the prior convictions, then the State may present evidence of them to the jury as an element of the habitual crime.

In the instant case, defendant was charged in a two-count indictment, in accordance with N.C. Gen. Stat. § 15A-928(b), with habitual misdemeanor assault, a felony. In order to prove defendant's guilt, the State was required to prove the following two elements: (1) the defendant had been convicted of five prior misdemeanors, two of which were assaults; and (2) the defendant committed an assault

under N.C. Gen. Stat. § 14-33(c) or 14-34. N.C. Gen. Stat. § 14-33.2 (2003). *See also* N.C.P.I.—Crim. 208.45 (1999). The State put on evidence that defendant committed an assault inflicting serious injury pursuant to section 14-33(c)(1).

However, defendant was not arraigned by the trial court as required by section 15A-928(c). The State introduced no evidence of the five prior misdemeanor convictions. There was no stipulation by defendant of the prior misdemeanors until after the return of the jury verdict. Upon the State's resting its case, defendant moved for a dismissal of the habitual misdemeanor assault charge. This motion was renewed at the close of all the evidence.

A trial for habitual misdemeanor assault is not a bifurcated proceeding. The fact that defendant was not arraigned in accordance with section 15A-928(c) did not relieve the State of its burden to prove the five prior misdemeanors beyond a reasonable doubt.

Upon defendant's motion to dismiss at the close of the State's evidence, the only issue for the trial court is whether there was substantial evidence presented of each essential element of the charged offense and of the defendant being the perpetrator. *State v. Crawford*, 344 N.C. 65, 472 S.E.2d 920 (1996). In this case, the State failed to present *any* evidence of the prior misdemeanors.

The State argues that this case should be controlled by this Court's ruling in *State v. Jernigan*, 118 N.C. App. 240, 455 S.E.2d 163 (1995). In *Jernigan*, the defendant was charged with habitual impaired driving. The defendant was not arraigned in accordance with section 15A-928(c). However, prior to the commencement of the trial, the defendant stipulated to prior DWI convictions. Based on that stipulation, the State introduced no evidence of the defendant's prior conviction and the charge that was submitted to the jury was impaired driving rather than habitual impaired driving. This Court then held that the failure to arraign the defendant in accordance with section 15A-928(c) was not prejudicial error.

We hold that *Jernigan* is not controlling here given the facts of this case. We have carefully reviewed the record in this case. It is devoid of any stipulation by defendant as to the five prior misdemeanors before the State rested its case. Nor is there any discussion in the record of an agreement to bifurcate the proceedings and submit the issue of defendant's prior record to the jury at a later time.

The State failed to present evidence of an essential element of the offense of habitual misdemeanor assault. Defendant's motion to dismiss should have been granted. We therefore vacate his conviction of habitual misdemeanor assault. Defendant's conviction of assault inflicting serious injury is remanded for resentencing.

REVERSED AND REMANDED.

Chief Judge EAGLES and Judge TYSON concur.