STATE OF NORTH CAROLINA v. LUVIE ALLEN HIGHSMITH, Defendant

No. COA04-1675

(Filed 4 October 2005)

1. **Evidence— motion in limine—defendant's statement he took pain medication—corroboration—corpus delicti rule**

The Court of Appeals exercised its discretion pursuant to N.C. R. App. P. 2 and determined that the trial court did not err in a habitual driving while impaired case by denying defendant's motion in limine to exclude the statement defendant made to a trooper that he had taken the pain medication called Floricet, because testimony from a pharmaceuticals expert about the effects of Floricet and the testimony from the trooper about defendant's behavior corroborate defendant's statement about

consuming Floricet, and admission of the statement did not violate the corpus delicti rule.

**2. Motor Vehicles— habitual driving while impaired—trial not bifurcated—constitutionality of statute**

The trial court did not err by failing to bifurcate defendant's trial for habitual impaired driving because habitual impaired driving is a substantive offense for which predicate convictions are an element which must be proven at trial. Furthermore, defendant could not challenge the constitutionality on appeal of N.C.G.S. § 15A-928, which permits a defendant to stipulate to prior DWI convictions and thus prevent the State from presenting evidence of those convictions before the jury, where he did not challenge the constitutionality of the statute at trial.

**3. Motor Vehicles— habitual driving while impaired—motion to dismiss—sufficiency of evidence—knowing consumption of impairing substance**

The trial court did not err in a habitual driving while impaired case by denying defendant's motion to dismiss based on alleged insufficient evidence that defendant knowingly consumed an impairing substance, because: (1) an expert in pharmaceuticals testified that the pain medication Floricet was an impairing substance and that a healthcare professional should have warned defendant of its effects; and (2) defendant knew or should have known that a prescription medication such as Floricet could impair him, and he was on notice that he risked crossing over the line into the territory of proscribed conduct by driving after taking Floricet.

**4. Motor Vehicles— habitual driving while impaired—involuntary intoxication—no inference based on failure to administer Intoxilyzer or blood test**

The trial court did not err in a habitual driving while impaired case by failing to instruct the jury on involuntary intoxication and on the permitted inferences arising from a trooper's failure to administer an Intoxilyzer or blood test to defendant, because: (1) defendant presented no evidence that he was forced to consume the medication he took, but instead that he took the substance voluntarily without knowing it was intoxicating; and (2) there is no legal authority for defendant's assertion that an inference should arise that he was not intoxicated based on the State's failure to administer the Intoxilyzer or to administer a blood test.

**5. Criminal Law— motion for mistrial—curative instruction**

The trial court did not abuse its discretion in a habitual driving while impaired case by failing to declare a mistrial after the State's comment during closing arguments that defendant says he went to the dentist and went under anesthesia, but he did not provide evidence as such, because: (1) the trial court gave the jury a curative instruction; and (2) defendant did not make a showing that the jury failed to follow the trial court's curative instruction.

Appeal by defendant from judgment entered 19 July 2004 by Judge Benjamin G. Alford in the Superior Court in Craven County. Heard in the Court of Appeals 25 August 2005.

*Attorney General Roy Cooper, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*McCotter, Ashton & Smith, P.A., by Rudolph A. Ashton, III, and Kirby H. Smith, III, for defendant-appellant.*

HUDSON, Judge.

At the 19 July 2004 Criminal Session of the superior court in Craven County, a jury found defendant Luvie Allen Highsmith guilty of driving while impaired ("DWI") and driving left of center. Based on defendant's stipulation, the court found defendant guilty of habitual driving while impaired and found him a prior record level II for purposes of sentencing. The court then consolidated the charges and sentenced defendant to 19 to 23 months in prison. Defendant appeals. For the reasons discussed below, we find no error.

The evidence tended to show that, on the afternoon of 7 November 2003, Trooper Gary Fox saw defendant driving a pickup truck on Brices Creek Road. As Trooper Fox followed, defendant's truck crossed the center line several times, once running off the left side of the road. Trooper Fox pulled defendant over, and found his movements sluggish and his speech slurred, but did not smell alcohol on defendant. When Trooper Fox asked defendant what was wrong, defendant replied that he was on his way home from the dentist and was on a pain medication called Floricet. Based on his observations and defendant's statement, Trooper Fox arrested defendant and took him to the Craven County Sheriff's Department. Trooper Fox did not administer an Intoxilyzer or blood test to defendant. Kevin Popkin, an expert in pharmaceuticals, testified about the impairing effects of Floricet.

**STATE v. HIGHSMITH**

[173 N.C. App. 600 (2005)]

**[1]** Defendant first argues that the court erred in allowing defendant's uncorroborated statements into evidence to prove an element of the charges against him. We disagree.

Defendant contends that the court erred in denying his motion *in limine* to exclude the statements he made to Trooper Fox about taking Floricet because they were contradictory and uncorroborated. Defendant did not object to this evidence at trial. Our Courts have long held that "a motion *in limine* is not sufficient to preserve for appeal the question of admissibility of evidence if the defendant does not object to that evidence at the time it is offered at trial." *State v. Roache*, 358 N.C. 243, 292, 595 S.E.2d 381, 413 (2004). The General Assembly attempted to change this law by amending Rule 103(a) of the North Carolina Rules of Evidence to provide: "Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." N.C. Gen. Stat. § 8C-1, Rule 103(a)(2) (2004). This amendment applies to the case before us. 2003 N.C. Sess. Laws ch. 101 (stating that the amendment applies to rulings made on or after 1 October 2003).

This Court has recently held that "to the extent that N.C. Gen. Stat. § 8C-1, Rule 103(a)(2) is inconsistent with N.C. R. App. P. 10(b)(1), it must fail." *State v. Tutt*, 171 N.C. App. 518, 524, 615 S.E.2d 688, —— (2005). N.C. R. App. P. 10(b)(1) states:

> In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context.

However, because it

> would be a manifest injustice to Defendant to not review his appeal on the merits after he relied on a procedural statute that was presumed constitutional at the time of trial, we [will review] the evidence at our discretion pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure.

*Tutt*, 171 N.C. App. at 524, 615 S.E.2d at —— (citing N.C. R. App. P. 2).

Defendant asserts that the admission of his statements to Trooper Fox that he had been given pain medication at his dentist office violates the *corpus delicti* rule. This rule "requires that there be corrob-

orative evidence, independent of the defendant's confession, which tends to prove the commission of the crime charged." *State v. Parker*, 315 N.C. 222, 229, 337 S.E.2d 487, 491 (1985). The Supreme Court went on to state that

> independent evidence of the *corpus delicti* . . . does not equate with independent evidence as to each essential element of the offense charged. Applying the more traditional definition of *corpus delicti*, the requirement for corroborative evidence would be met if that evidence tended to establish the essential harm, and it would not be fatal to the State's case if some elements of the crime were proved solely by the defendant's confession.

*Id.* at 232, 337 S.E.2d at 493. Here, testimony from Mr. Popkin about the effects of Floricet and from Trooper Fox about defendant's behavior corroborate defendant's statement about consuming Floricet. Thus, we overrule this assignment of error.

**[2]** Defendant next assigns error to the court's failure to bifurcate defendant's trial. Defendant acknowledges that under current law, because habitual DWI is a substantive offense for which predicate convictions are an element which must be proven at trial, habitual DWI cases are not bifurcated as habitual felon cases are. *State v. Burch*, 160 N.C. App. 394, 396-97, 585 S.E.2d 461, 462-63 (2003). Defendant stipulated to prior DWI convictions pursuant to N.C. Gen. Stat. § 15A-928(c) (2004). "The purpose of this procedure is to afford the defendant an opportunity to admit the prior convictions which are an element of the offense and prevent the State from presenting evidence of these convictions before the jury." *Burch*, 160 N.C. App. at 397, 585 S.E.2d at 463. Defendant contends, however, that the current law prejudices him and violates his constitutional rights. Defendant did not challenge the constitutionality of N.C. Gen. Stat. § 15A-928 at trial, and he may not raise a constitutional claim here for the first time. *State v. Golphin*, 352 N.C. 364, 411, 533 S.E.2d 168, 202 (2000), *cert. denied*, 532 U.S. 931, 149 L. Ed. 2d 305 (2001).

N.C. Gen. Stat. § 20-138.5 defines habitual DWI as both a status and a substantive offense. *See also State v. Vardiman*, 146 N.C. App. 381, 385, 552 S.E.2d 697, 700 (2001), *appeal dismissed*, 355 N.C. 222, 559 S.E.2d 794 (2002), *cert. denied*, 537 U.S. 833, 154 L. Ed. 2d 51, 123 S. Ct. 142 (2002) ("Habitual impaired driving . . . is a substantive offense *and* a punishment enhancement (or recidivist, or repeat-offender) offense."). Defendant's contentions for a change in the current law on habitual DWI are more properly addressed to the

General Assembly than to this Court. We are bound by the holding in *Burch. In re Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989) (holding that "one panel of the Court of Appeals may not overrule the decision of another panel"). This assignment of error is overruled.

**[3]** Defendant also argues that the court erred in denying his motion to dismiss for insufficiency of the evidence. We disagree.

The standard of review on denial of a motion to dismiss for insufficiency of the evidence is well-established:

> In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve. The test for sufficiency of the evidence is the same whether the evidence is direct or circumstantial or both. Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence. If the evidence presented is circumstantial, the court must consider whether a reasonable inference of defendant's guilt may be drawn from the circumstances. Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, taken singly or in combination, satisfy [it] beyond a reasonable doubt that the defendant is actually guilty.

*State v. Barnes*, 334 N.C. 67, 75-76, 430 S.E.2d 914, 918-19 (1993) (internal citations and quotation marks omitted). Defendant contends that the State failed to present evidence that defendant knowingly consumed an impairing substance.

"A person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State . . . [w]hile under the influence of an impairing substance . . . ." N.C. Gen. Stat. § 20-138.1 (2004). In upholding the DWI statute against a claim of unconstitutional vagueness, the Supreme Court has stated:

> Although drivers may not know precisely when they cross the forbidden line, they do know the line exists; and they do know that drinking enough alcohol before or during driving may cause them to cross it. Persons who drink before or while driving take the

risk they will cross over the line into the territory of proscribed conduct. This kind of forewarning is all the constitution requires. It is not a violation of constitutional protections' "to require that one who goes perilously close to an area of proscribed conduct · shall take the risk that he may cross the line." *Boyce Motor Lines v. United States*, 342 U.S. 337 (1952).

> There are other criminal statutes which clearly prohibit certain conduct although not in terms which permit persons to know precisely when conduct in which they are engaging actually crosses the line into criminal behavior. In these cases the law simply places persons who engage in certain conduct at risk that their conduct will at some point exceed acceptable behavior.

*State v. Rose*, 312 N.C. 441, 445, 323 S.E.2d 339, 341-42 (1984). An expert in pharmaceuticals, Kevin Poplin, testified that Floricet was an impairing substance and that a healthcare professional should have warned defendant of its effects. Defendant knew or should have known that a prescription medication such as Floricet could impair him, and was thus on notice that, by driving after taking Floricet, he risked "cross[ing] over the line into the territory of proscribed conduct." *Rose*, 312 N.C. at 445, 323 S.E.2d at 341. This assignment of error is overruled.

**[4]** Defendant next argues that the court erred in failing to instruct the jury on involuntary intoxication and on the permitted inferences arising from Trooper Fox's failure to administer an Intoxilyzer or blood test to him. We disagree.

"The trial court bears the burden of declaring and explaining the law arising on the evidence relating to each substantial feature of the case." *State v. Moore*, 339 N.C. 456, 464, 451 S.E.2d 232, 236·(1994) (internal quotation marks omitted). In addition,

> a trial court is required to comprehensively instruct the jury on a defense to the charged crime when the evidence viewed in the light most favorable to the defendant reveals substantial evidence of each element of the defense. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*State v. Ferguson*, 140 N.C. App. 699, 706, 538 S.E.2d 217, 222 (2000) (internal citations and quotation marks omitted).

Defendant first contends that the court erred in denying his request for an instruction on involuntary intoxication.

> [I]nvoluntary intoxication is a very rare thing, and can never exist where the person intoxicated knows what he is drinking, and drinks the intoxicant voluntarily, and without being made to do so by force or coercion. . . . [I]t is only when alcohol has been introduced into a person's system without his knowledge or by force majeure that his intoxication will be regarded as involuntary.

*State v. Bunn*, 283 N.C. 444, 457, 196 S.E.2d 777, 786 (1973). Defendant presented no evidence that he was forced to consume the medication he took; rather he asserts that he took the substance voluntarily, but did not know it was intoxicating. These facts do not support an instruction on involuntary intoxication.

Defendant also contends that the court erred in rejecting his request for an instruction on the law of Intoxilyzer and blood tests results. Specifically, defendant asserts that because a fact-finder may infer that a defendant who refuses to take an Intoxilyzer or blood test does so because he is impaired, the inference should also arise that the State failed to administer these tests because defendant was not impaired. Defendant cites no authority for this assertion, and we can find none. There is no logical relationship between these two inferences. This assignment of error is overruled.

[5] Defendant also assigns error to the court's failure to declare a mistrial after the State made improper comments during closing. We disagree.

During closing, the prosecutor rhetorically asked the jury, "[I]f he says he went to the dentist and went under anesthesia, how come he didn't produce those records, where is the evidence?" Defendant objected and moved for a mistrial, and the court sustained the objection, denied the motion, and gave the jury a curative instruction. Defendant contends that this question was an impermissible comment on his right not to testify and requires a new trial. *See State v. Elmore*, 337 N.C. 789, 792, 448 S.E.2d 501, 502 (1994). "A violation of the defendant's rights under the Constitution of the United States is prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt." N.C. Gen. Stat. § 15A-1443(b) (2004). The State bears the burden of showing such an error is harmless. *Id.*

Pursuant to N.C. Gen. Stat. § 15A-1061, a "judge must declare a mistrial upon the defendant's motion if there occurs during the trial

an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case." The decision as to whether substantial and irreparable prejudice has occurred lies within the court's discretion and, absent a showing of abuse of that discretion, the decision of the trial court will not be disturbed on appeal. *State v. McNeill*, 349 N.C. 634, 646, 509 S.E.2d 415, 422-23 (1998), *cert. denied*, 528 U.S. 838, 145 L. Ed. 2d 87 (1999). The trial court's decision is to be given great deference because the trial court is in the best position to determine whether the degree of influence on the jury was irreparable. *State v. Hill*, 347 N.C. App. 275, 297, 493 S.E.2d 264, 276 (1997). In *State v. McCollum*, a first-degree murder case in which a police officer testified that, in an unrelated case, police seized a gun that appeared to be the gun defendant used to kill defendant's victim, this Court refused to reverse defendant's conviction because defendant did not show that the jury failed to follow the court's curative instruction. 157 N.C. App. 408, 415, 579 S.E.2d 467 (2003), *cert. denied*, 357 N.C. 466, 586 S.E.2d 467, 471-72 (2003), *aff'd, without op.*, 358 N.C. 132, 591 S.E.2d 519 (2004). Here, defendant has made no showing that the jury failed to follow the trial court's curative instruction.

No error.

Judges TIMMONS-GOODSON and ELMORE concur.