CANDACE HEDGES, EMPLOYEE, PLAINTIFF-APPELLEE v. WAKE COUNTY PUBLIC
SCHOOL SYSTEM, EMPLOYER, SELF-INSURED, KEY RISK MANAGEMENT SER-
VICES, SERVICING AGENT, DEFENDANTS-APPELLANTS

No. COA09-1305

(Filed 7 September 2010)

1. **Workers' Compensation— injury by accident—unexplained fall**

The Industrial Commission did not err in a workers' compen-
sation case by concluding that plaintiff's fall at work was a com-
pensable injury by accident under N.C.G.S. § 97-2(6) and (2).
There need not have been evidence of any unusual or untoward
condition or occurrence causing the fall which produced the
injury. The fall itself is the unusual unforeseen occurrence which
was the accident. Further, where the fall was unexplained and the
Commission made no finding that any force or condition
independent of the employment caused the fall, then there was an
inference that the fall arose out of the employment.

2. **Workers' Compensation— attorney fees—unknown cause of fall not an unreasonable claim**

The Industrial Commission did not abuse its discretion in a
workers' compensation case by awarding attorney fees to plain-
tiff under N.C.G.S. § 97-88.1 even though defendants contended
the claim was unreasonable. The only argument defendants made
before the Commission was that the claim should be denied
because plaintiff did not know the cause of her fall, and this argu-
ment has previously been rejected.

Appeal by Defendants from opinion and award entered 10 July
2009 by the North Carolina Industrial Commission. Heard in the
Court of Appeals 23 February 2010.

*Hardison & Cochran P.L.L.C., by Benjamin T. Cochran, for
Plaintiff-Appellee.*

*Teague, Campbell, Dennis & Gorham, LLP, by Dayle A.
Flammia and Heather T. Baker, for Defendants-Appellants.*

McGEE, Judge.

Candace Hedges (Plaintiff) was injured at work on 1 June 2007 when she walked into a workroom at Reedy Creek Elementary School to make copies of payroll materials. Plaintiff stumbled and fell as she entered the workroom. In a recorded statement to a representative of Key Risk Management Services (Defendant-Insurer), Plaintiff stated that: "As I walked into the workroom, stumbled, the floor was clear. There was nothing there to impede . . . my walking in or anything. I just stumbled." The Commission found that Plaintiff, carrying paperwork in her left arm, was unable to catch or steady herself, and fell to the floor. Plaintiff landed with her full weight on her right arm. Plaintiff experienced pain in her right arm and notified her supervisor of her injury. Plaintiff sought medical care at an urgent care center that day. At the urgent care center, Plaintiff received an xray of her arm, along with a sling and pain medication. She had a follow-up visit four days later and the urgent care center recommended that she see an orthopaedic.

Dr. Hadley Calloway (Dr. Calloway) of Raleigh Orthopaedic examined Plaintiff on 10 July 2007. An MRI revealed that Plaintiff had a massive rotator cuff tear with proximal retraction. Dr. Calloway noted that Plaintiff reported experiencing no right shoulder problems prior to her 1 June 2007 injury. Defendant-Insurer informed Plaintiff on 13 July 2007 that her claim had been denied. Dr. Calloway performed an arthroscopic repair of a complete rotator cuff tear in Plaintiff's right shoulder, an arthroscopic subacromial decompression of her right shoulder, and a mini-open distal clavicle excision on 9 August 2007. Plaintiff returned to part-time work for the Wake County Public School System (Defendant-Employer) on 1 November 2007, and to full-time work on 28 January 2008, with restrictions on lifting and overhead use of her right arm. On 4 March 2008, Dr. Calloway assigned a twenty percent permanent partial disability rating for Plaintiff's right arm.

A hearing was conducted on 6 May 2008 before Deputy Commissioner Kim Ledford. In an opinion and award filed 8 December 2008, the deputy commissioner concluded that Plaintiff had sustained a compensable injury by accident arising out of and in the course of her employment with Defendant-Employer. Defendants appealed the 8 December 2008 opinion and award to the Commission. In an opinion and award filed 10 July 2009, the Commission affirmed the deputy commissioner's 8 December 2008 opinion and award. Defendants appeal.

I.

**[1]** Defendants argue on appeal that: (1) Plaintiff's fall was not a compensable injury by accident as defined by N.C. Gen. Stat. § 97-2(6) and (2) the Commission erred in awarding attorney's fees to Plaintiff pursuant to N.C. Gen. Stat. § 97-88.1. We conclude that the Commission's findings of fact and conclusions of law regarding the compensability of Plaintiff's claim were supported by competent evidence and the applicable law. In addition, we affirm the Commission's decision to award attorney's fees to Plaintiff under N.C. Gen. Stat. § 97-88.1.

"It is well established in North Carolina that the Workers' Compensation Act should be liberally construed and that ' "[w]here any reasonable relationship to employment exists, or employment is a contributory cause, the court is justified in upholding the award as 'arising out of employment.' " ' " *Hollin v. Johnston Cty. Council on Aging*, 181 N.C. App. 77, 84, 639 S.E.2d 88, 93 (2007) (quoting *Kiger v. Bahnson Service Co.*, 260 N.C. 760, 762, 133 S.E.2d 702, 704 (1963)). Furthermore, " '[a]n opinion and award of the Industrial Commission will only be disturbed upon the basis of a patent legal error.' " *Billings v. General Parts, Inc.*, 187 N.C. App. 580, 585, 654 S.E.2d 254, 258 (2007) (quoting *Roberts v. Burlington Indus., Inc.*, 321 N.C. 350, 354, 364 S.E.2d 417, 420 (1988)). Lastly, "[t]he evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (citation omitted).

"For an injury to be compensable under the Worker's Compensation Act, the claimant must prove three elements: (1) that the injury was caused by an accident; (2) that the injury was sustained in the course of the employment; and (3) that the injury arose out of the employment." *Hollar v. Furniture Co., Inc.*, 48 N.C. App. 489, 490, 269 S.E.2d 667, 669 (1980).

First, there is no dispute that Plaintiff's injury was sustained in the course of her employment. Plaintiff was on the premises of Defendant-Employer where the duties of her employment required her to be, the accident occurred during working hours, and Plaintiff was engaged in the performance of her duties or in activities incidental thereto. *See, e.g., Taylor v. Twin City Club*, 260 N.C. 435, 437-38, 132 S.E.2d 865, 867 (1963).

Second, in this case, there was an "accident." "An accident is 'an unlooked for and untoward event which is not expected or designed by the person who suffers the injury.' " *Ferreyra v. Cumberland Cty.*, 175 N.C. App. 581, 583-84, 623 S.E.2d 825, 827 (2006) (quoting *Adams v. Burlington Industries*, 61 N.C. App. 258, 260, 300 S.E.2d 455, 456 (1983)). "[I]t is not essential that there be evidence of any unusual or untoward condition or occurrence causing a fall which produces injury. The fall itself is the unusual, unforeseen occurrence which is the accident. A fall is usually regarded as an accident." *Taylor*, 260 N.C. at 437, 132 S.E.2d at 867 (internal citations omitted). Despite Defendants' arguments to the contrary, an injury that is the result of a fall, which itself stems from an event that results from both the employee's normal work routine and normal conditions, may still constitute an "accident." *See Robbins v. Hosiery Mills*, 220 N.C. 246, 247, 17 S.E.2d 20, 20-21 (1941) (finding the fall, the result of reaching for work material on an elevated rack, constituted an "accident").

Third, Plaintiff must prove that her injury arose out of the course of her employment with Defendant-Employer. " 'Arising out of' employment relates to the origin or cause of the accident." Taylor, 260 N.C. at 438, 132 S.E.2d at 867 (citing *Lockey v. Cohen, Goldman & Co.*, 213 N.C. 356, 196 S.E. 342 (1938)). "The question of whether an injury 'arises out of employment' is a mixed question of law and fact and our review is limited to whether 'the findings and conclusions are supported by competent evidence.' " *Mills v. City of New Bern*, 122 N.C. App. 283, 284, 468 S.E.2d 587, 589 (1996) (citation omitted). "Where any reasonable relationship to the employment exists, or employment is a contributory cause, the court is justified in upholding the award as 'arising out of employment.' " *Allred v. Allred-Gardner, Inc.*, 253 N.C. 554, 557, 117 S.E.2d 476, 479 (1960) (citations omitted).

Although the Commission makes no clear finding that Plaintiff's injury was the result of an unexplained fall, the Commission did find that

> [P]laintiff's accident and injury arose out of and in the course of her employment because when she stumbled and fell she was at work; she was performing duties related to her employment which directly benefitted [D]efendant-[E]mployer; and she was unable to steady and catch herself when she began to fall as she had her left arm loaded with work-related papers to be copied, causing her to land on her right arm and shoulder with her full weight.

The Commission identified the reason why the outcome of the fall could not be mitigated, corrected, or prevented, but it did not find the origin or cause of the fall. Also, based on the record, the origin or cause of the fall is apparently unknown or undisclosed; therefore, we apply case law unique to unexplained fall cases. When a fall is unexplained, and the Commission has made no finding that any force or condition independent of the employment caused the fall, then an inference arises that the fall arose out of the employment. *Slizewski v. Seafood, Inc.*, 46 N.C. App. 228, 232, 264 S.E.2d 810, 813 (1980).

We note that the decisions of our appellate courts have clearly stated that causation is still a requirement when evaluating the "arising out of" employment prong of unexplained fall workers' compensation cases: " 'Arising out of' employment relates to the origin or cause of the accident." *Taylor*, 260 N.C. at 438, 132 S.E.2d at 867 (citation omitted). In *Taylor*, our Supreme Court further affirmed that claimants in workers' compensation cases involving unexplained falls still bear the burden of proving causation, but found the following sufficient to meet that burden:

> It has been suggested that this result in unexplained-fall cases relieves claimants of the burden of proving causation. We do not agree. The facts found by the Commission in the instant case permit the inference that the fall had its origin in the employment. There is no finding that any force or condition independent of the employment caused or contributed to the accident. The facts found indicate that, at the time of the accident, the employee was within his orbit of duty on the business premises of the employer, he was engaged in the duties of his employment or some activity incident thereto, he was exposed to the risks inherent in his work environment and related to his employment, and the only active force involved was the employee's exertions in the performance of his duties.

*Id.* at 440, 132 S.E.2d at 869.

Our Supreme Court also held in *Robbins*, 220 N.C. at 248, 17 S.E.2d at 21, that

> [t]he logic of these decisions is this: where the employee, while about his work, suffers an injury in the ordinary course of the employment, the cause of which is unexplained but which is a natural and probable result of a risk thereof, and the Commission finds from all the attendant facts and circumstances that the

injury arose out of the employment, an award will be sustained. If, however, the cause is known and is independent of, unrelated to, and apart from the employment—the result of a hazard to which others are equally exposed—compensation will not be allowed. Herein lies the distinction which is bottomed upon the rule of liberal construction.

In our Court's most recent determination of an unexplained fall case, *Hodges v. Equity Grp.*, 164 N.C. App. 339, 596 S.E.2d 31 (2004), an employee who fell while walking at work testified that "he did not stumble or trip, there were no obstructions in his way, and he did not believe he slipped." *Id.* at 343, 596 S.E.2d at 35. Yet, our Court held in *Hodges* that, as in *Slizewski*, an inference was permitted that the fall had its origin in the employee's employment. *Id.* at 344-45, 596 S.E.2d at 35. Our Court stated in *Hodges* that, "[e]ven though [the] Plaintiff [could] not explain what caused him to fall, as stated in *Slizewski*, an inference that the fall had its origin in employment [was] permitted . . . because 'the only active force involved was the employee's exertions in the performance of his duties.' " *Id.* at 344, 596 S.E.2d at 35 (quoting *Slizewski*, 46 N.C. App. at 232-33, 264 S.E.2d at 813).

The case before us is factually materially indistinguishable from *Hodges* and we affirm the Commission's award of compensation to Plaintiff.

II.

[2] Defendants next argue that the Commission erred in awarding attorney's fees to Plaintiff pursuant to N.C. Gen. Stat. § 97-88.1. Pursuant to this statute, "[i]f the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them." N.C. Gen. Stat. § 97-88.1 (2009).

Whether an award of attorney's fees is appropriate requires the application of a two-part analysis:

"First, [w]hether the [party] had a reasonable ground to bring a hearing is reviewable by this Court *de novo*. For a reviewing court to determine whether a defendant had reasonable ground to bring a hearing, it must consider the evidence introduced at the hearing. The determination of reasonable grounds is not whether the party

prevails in its claim, but whether the claim is based on reason rather than stubborn, unfounded litigiousness."

*Clayton v. Mini Data Forms, Inc.*, — N.C. App. —, —, 681 S.E.2d 544, 553 (2009) (quoting *Meares v. Dana Corp.*, 193 N.C. App. 86, 93, 666 S.E.2d 819, 825 (2008), *disc. review denied*, 363 N.C. 129, 673 S.E.2d 359 (2009)). Only if "this Court agrees that the party lacked reasonable grounds, [do] we review the Commission's decision whether to award attorneys' fees and the amount awarded for abuse of discretion." *Clayton*, — N.C. App. at —, 681 S.E.2d at 553.

Because we above found the facts of this case to be so similar to those in *Hodges*, we affirmed the award of compensation to Plaintiff. Our decision is based on the fact that, in *Hodges*, our Court upheld an award to an employee who testified that he fell while at work, but could not give any explanation as to what caused the fall. *Hodges*, 164 N.C. App. at 343-44, 596 S.E.2d at 34-35. Relying on *Hodges*, we have held that, in the present case, the Commission did not err in finding that Plaintiff's fall arose out of her employment.

Defendant-Insurer, through its Senior Claims Representative David Byrd, denied Plaintiff's workers' compensation claim for the following stated reasons: "[Plaintiff's] injury did not arise out of and in the course and scope of [her] employment. [Plaintiff's] condition [was] not the result of a risk or hazard peculiar to [Plaintiff's] employment and any other defenses that become known to the employer/carrier."

This matter was heard before the deputy commissioner on 6 May 2008. Plaintiff was the only witness to testify. The entirety of Defendants' cross-examination of Plaintiff consisted of a little over one page of the transcript, including the following exchange between Defendants' counsel and Plaintiff. "Q. [Y]ou stumbled and the floor was clear. Is that still your testimony? A. It is. . . . Q. And . . . there was nothing there to impede your . . . walking in or anything, you said? A. There was nothing there. . . . I just stumbled. Defendants appealed the deputy commissioner's opinion and award to the Commission for the following stated reasons: "[P]laintiff merely stumbled and fell with no nexus to her employment, and not due to any risk incident to her employment," and "[t]he award is contrary to law as [P]laintiff failed to meet her burden of showing that her fall was a compensable event."

Defendants made no argument before the Commission, nor presented any evidence suggesting, that Plaintiff's testimony that she did

**HEDGES v. WAKE CNTY. PUB. SCH. SYS.**

[206 N.C. App. 732 (2010)]

not know why she fell was not credible. *See Hodges,* 164 N.C. App. at 346, 596 S.E.2d 31, 36 (citation omitted). Defendants made no argument before the Commission that Plaintiff's fall was in any manner related to an idiopathic condition or some other external force not attributable to Plaintiff's regular work routine. *See Hodges,* 164 N.C. App. at 348, 596 S.E.2d at 38. Defendants made no argument before the Commission that the facts in the present case were somehow distinguishable from the facts in *Hodges.* Defendants made no argument before the Commission that any of their constitutional rights had been violated by the award. *State v. Highsmith,* 173 N.C. App. 600, 604, 619 S.E.2d 586, 590 (2005). Defendants made no argument before the Commission that *Hodges* was wrongly decided and that Defendants wished to preserve a good faith argument for appeal that *Hodges* should be overruled by our Supreme Court. *See* N.C.R. App. P. 34(a)(1).

The only argument Defendants made before the Commission was that, because Plaintiff did not know the reason for the fall leading to the injury Plaintiff sustained while performing her work duties, there could be no causal connection between Plaintiff's fall and her employment—i.e. that Plaintiff's injury did not arise out of her employment. We have found no relevant facts in this case to distinguish it from *Hodges. Hodges* was controlling precedent at the time Defendants decided to deny Plaintiff's workers' compensation claim and request a hearing. Because the only argument Defendants made before the Commission was that Plaintiff's claim should be denied because Plaintiff did not know the cause of her fall, an argument that our Court rejected in *Hodges,* we hold that Defendants' denial of Plaintiff's claim and their decision to pursue this action was unreasonable. *Clayton,* —— N.C. App. at ——, 681 S.E.2d at 553. We further hold that the Commission did not abuse its discretion in awarding attorney's fees to the Plaintiff.

Affirmed.

Judge GEER and ERVIN concur.